Filed 9/3/20  P. v. Buford CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074118 |
| v. | (Super.Ct.No. FSB17004057) |
| TIMOTHY BUFORD, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  J. David Mazurek, Judge.  Affirmed.

Timothy Buford, in pro. per.; Benjamin Kington, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Timothy Buford appeals the trial court's order denying his postjudgment petition to strike the restitution fines.  Defendant's counsel has filed a brief under *People v. Wende* (1979) 25 Cal.3d 436, raising no arguable issues.  Defendant personally filed a supplemental brief raising several issues related to the underlying trial,

1

none of which address the postjudgment order that is the subject of this appeal.  Having found no arguable issues upon our review of the record, we affirm the trial court's postjudgment order.

FACTUAL AND PROCEDURAL HISTORY

The facts of the underlying conviction and some aspects of the relevant procedural history of this case are not contained in the limited record that was prepared for this appeal.  Accordingly, on our own motion, we take judicial notice of the record prepared in defendant's appeal from the judgment of conviction, case No. E072474.  (Evid. Code, §§ 455, 459.)  That appeal is currently pending before this court.

*Facts*

In October 2017, defendant angrily entered the home of an acquaintance armed with a weapon and took a guitar, an amplifier head, and a sound effects pedal under threat of force.

*Procedural History*

A jury convicted defendant of first degree burglary in violation of Penal Code[1] section 459.  The jury deadlocked on additional charges to which the court declared a mistrial.  In a bifurcated proceeding, the trial court found defendant had one prior serious felony conviction (§ 667, subd. (a)), one prior "strike" conviction (§§ 667, subds. (b)-(i), 1170.12), and had served five prior prison terms (§ 667.5, subd. (b)).

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

On April 5, 2019, the court sentenced defendant to 22 years in state prison. The court also imposed several fines and fees, which defendant's counsel objected to under *People v. Dueñas* (2019) 30 Cal.App.5th 1157, arguing that defendant did not have the ability to pay them. The court reviewed the probation officer's report and noted that defendant was disabled and had no assets, although he was receiving a monthly social security income of $860. The court struck two fees it had imposed that were in excess of $700—the fee for appointed counsel and the fee for the investigation and preparation of the probation officer's report. It also reduced the restitution and parole revocation fines under sections 1202.4 and 1202.45 from $1,000 to the statutory minimum of $300. In doing so, the court made an implied finding that defendant had the ability to pay these fines by noting he would be receiving social security disability income and would have the opportunity for employment while incarcerated.

On April 10, 2019, defendant timely filed a notice of appeal from the judgment of conviction. That appeal is currently pending before this court in case No. E072474. Defendant is represented by counsel in that case and has raised two contentions on appeal, neither of which relate to the court's imposition of the fines and fees.

On August 20, 2019, while his appeal was pending, defendant filed a petition in propria persona asking the trial court to strike the $300 restitution fines imposed under sections 1202.4 and 1202.45. In support of his petition, defendant asserted he was "low income and receives social security benefits," and argued the victim did not suffer any losses. Defendant attached a statement of assets to the petition that showed he was unemployed, did not have a bank account, did not own any real property or personal

3

property of value, and did not have any other assets or debts. Defendant also attached pages of the reporter's transcript from trial that showed the police had returned the stolen items to the victim.

The trial court denied defendant's petition by a minute order issued on September 13, 2019. Defendant timely filed a notice of appeal.

DISCUSSION

Defendant's appellate counsel has filed a brief under the authority of *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth the factual and procedural history of the case and identifying a single potentially arguable issue: whether the trial court abused its discretion in failing to strike the $300 restitution fines. Counsel has also requested this court undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has done. Defendant raises three issues in the supplemental brief related to the underlying trial: (1) the prosecution violated defendant's due process rights under *Brady v. Maryland* (1963) 373 U.S. 83, by refusing to turn over exculpatory pretrial discovery; (2) defendant was inappropriately tried on charges of robbery and burglary because the two offenses were cumulative—they were based on the same act and intent, and involved a single victim; and (3) defendant was denied the right to an impartial jury because the prosecution improperly excused an African American prospective juror.

We decline to reach the merits of defendant's issues because none of the issues he raised relate to the present appeal, which is from the postjudgment order denying his petition to strike the restitution fines. "Our jurisdiction on appeal is limited in scope to

4

the notice of appeal and the judgment or order appealed from." (*Polster, Inc. v. Swing* (1985) 164 Cal.App.3d 427, 436.)  Defendant has separately appealed the judgment of conviction and is represented by counsel in that appeal; any issue defendant seeks to raise related to the trial must be raised in that appeal.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

<u>DISPOSITION</u>

The trial court's postjudgment order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

CODRINGTON
J.

RAPHAEL
J.

5